Approved: /s/ B.J.K.
BENET J. KEARNEY
Assistant United States Attorney

Before: THE HONORABLE HENRY B. PITMAN
United States Magistrate Judge
Southern District of New York



15 MAG 4568

- - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA        :   **SEALED COMPLAINT**

      - v. -                    :   Violation of
                                    18 U.S.C. § 2250
THAAKIR ABDUL-HAKIM,            :
      a/k/a "Bugout,"           :   COUNTY OF OFFENSE
                                    NEW YORK
              Defendant.        :

- - - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

       MICHAEL ROMANI, being duly sworn, deposes and says that he is a Senior Inspector with the United States Marshals Service ("USMS"), and charges as follows:

COUNT ONE

       1. From at least on or about September 1, 2015, up to and including October 21, 2015, in the Southern District of New York and elsewhere, THAAKIR ABDUL-HAKIM, a/k/a "Bugout," the defendant, being an individual required to register under the Sex Offender Registration and Notification Act ("SORNA"), knowingly did travel in interstate commerce and did fail to register and update a registration as required by SORNA, to wit, ABDUL-HAKIM traveled from New York County, New York to the State of Pennsylvania without updating his registration in New York and without registering in Pennsylvania, as required by law.

       (Title 18, United States Code, Section 2250.)

       The bases for my knowledge and for the foregoing charges are, in part, as follows:

2. I am a Senior Inspector with the USMS. I am currently assigned to the USMS Sex Offender Investigations Branch.

3. I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with other law enforcement personnel, witnesses, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based on my review of the criminal history of THAAKIR ABDUL-HAKIM, a/k/a "Bugout," the defendant, and documents from the Sex Offender Registry maintained by the New York State Division of Criminal Justice Services ("DCJS"), and my conversations with other law enforcement personnel, I have learned, among other things, the following:

   a. On or about January 3, 2013, ABDUL-HAKIM was convicted in New York State Supreme Court, Kings County, of sexual abuse in the first degree, in violation of New York Penal Law Section 130.65(1). ABDUL-HAKIM was sentenced to three years' imprisonment, followed by five years of post-release supervision.

   b. As a result of this conviction, under New York law, ADBUL-HAKIM was designated a Level 2 sex offender and required to register as a sex offender for life.

   c. On or about October 23, 2013, while still in prison, ABDUL-HAKIN registered as a sex offender in New York by completing a New York State Sex Offender Registration Form (the "New York Registration Form"). On page 4 of the New York Registration Form, when asked to provide the address at which he would reside upon his release, ABDUL-HAKIM provided the address of the Bellevue Men's Shelter operated by the New York City Department of Homeless Services ("DHS").

   d. On page 5 of the New York Registration Form, ABDUL-HAKIM signed his name under the following statement: "I understand I have a duty to register, and my duties were explained to me."

2

    e. On page 6 of the New York Registration Form, ABDUL-HAKIM signed his name under the following paragraph: "You <u>must</u> notify DJCS in writing of any change of home address no later than 10 days after you move. (NOTE: Change of address forms are available at your local law enforcement agency, parole or probation officer, or form DCJS.) Should you move out of [New York State] you must abide by the statutory registration requirements in that jurisdiction."

    f. On or about December 9, 2013, ABDUL-HAKIM was released from prison.

    g. On at least two occasions following his release from prison, ABDUL-HAKIM notified DCJS of a change in his home address:

     i. On or about December 11, 2013, ABDUL-HAKIM notified DCJS in writing of a new address in Brooklyn.

     ii. On or about April 20, 2015, ADBUL-HAKIM notified DCJS in writing of a new address and provided the address of the Wards Island Men's Shelter, in New York County, which is run by DHS.

    h. Since April 20, 2015, ADBUL-HAKIM has not updated his address with DCJS.

   5. Based on my review of records of DHS and the State of New York Executive Department, Division of Parole ("Division of Parole"), and my conversations with other law enforcement officers, I have learned that, on or about August 27, 2015, THAAKIR ABDUL-HAKIM, a/k/a "Bugout," the defendant, left the Wards Island Men's Shelter and did not return, and that, on or about September 10, 2015, the Division of Parole issued a warrant charging ABDUL-HAKIM with failure to report.

   6. On or about October 21, 2015, I and other law enforcement officers went to a location in Philadelphia, Pennsylvania where THAAKIR ABDUL-HAKIM, a/k/a "Bugout," the defendant, was believed to reside (the "Philadelphia Apartment"). The individual who answered the door ("Individual-1") initially told officers that ABDUL-HAKIM was not at the Philadelphia Apartment, but then said that ADBUL-HAKIM was hiding in a closet on the second floor.

3

7. When officers approached the closet, THAAKIR ABDUL-HAKIM, a/k/a "Bugout," the defendant, refused to open the door. Officers breached the door and issued verbal commands to ABDUL-HAKIM. ADBUL-HAKIM did not comply with these commands and officers deployed a Taser.

8. THAAKIR ABDUL-HAKIM, a/k/a "Bugout," the defendant, was placed under arrest. After I advised him of his *Miranda* rights, I and another law enforcement officer interviewed ABDUL-HAKIM. During that interview, ABDUL-HAKIM stated the following, in substance and in part:

   a. ABDUL-HAKIM traveled to Philadelphia during the first week of September 2015, just before Labor Day.

   b. ABDUL-HAKIM had been living at the Philadelphia Apartment for approximately three weeks and paid $100 per week in rent. Prior to that, ABDUL-HAKIM had lived at a different location in Philadelphia.

   c. ABDUL-HAKIM looked up how to register as a sex offender in Pennsylvania, but did not do so because he knew he had an open warrant in New York. ADBUL-HAKIM planned to go back to New York to address the warrant.

9. On or about October 21, 2015, I and another law enforcement officer interviewed Individual-1. During that interview, Individual-1 stated the following, in substance and in part:

   a. Individual-1 and THAAKIR ABDUL-HAKIM, a/k/a "Bugout," the defendant, left New York and drove to Pennsylvania before Labor Day 2015. They left New York because ABDUL-HAKIM was having problems with his parole officer and was worried about a parole violation.

   b. When they arrived in Philadelphia, Individual-1 and ABDUL-HAKIM stayed at a hotel for two nights, and then at a different address in Philadelphia. Individual-1 and ABDUL-HAKIM had been living at the Philadelphia Apartment since approximately September 29, 2015.

4

    c. Individual-1 knew that ABDUL-HAKIM was required to register as a sex offender and was registered in New York.

  10. On or about October 28, 2015, I and another law enforcement officer interviewed an employee ("Employee-1") of a Young Men's Christian Association ("YMCA") location in Philadelphia, Pennsylvania. Based on that interview, and my review of documents provided by Employee-1, I learned the following, among other things:

    a. On or about September 1, 2015, THAAKIR ABDUL-HAKIM, a/k/a "Bugout," the defendant, and Individual-1 completed a Family Membership application at a YMCA location in Philadelphia, Pennsylvania.

    b. Between September 1, 2015 and October 19, 2015, ABDUL-HAKIM checked in to YMCA locations in Philadelphia, Pennsylvania on at least 18 occasions.

  11. Based on my review of an affidavit provided by a Pennsylvania State Trooper assigned to the Megan's Law Section of the Pennsylvania State Police, I have learned that, as of November 12, 2015, THAAKIR ABDUL-HAKIM, a/k/a "Bugout," the defendant, was required to register as a sex offender with the Pennsylvania State Police as a result of the conviction described in paragraph 4(a), but had not registered or attempted to register.

5

WHEREFORE, deponent prays that an arrest warrant be issued for THAAKIR ABDUL-HAKIM, a/k/a "Bugout," the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

MICHAEL ROMANI
Senior Inspector
United States Marshals Service

Sworn to before me this
21th day of December, 2015.

HONORABLE HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

6